SCOTT J. WITLIN (SBN 137413)
*Scott.Witlin@btlaw.com*
SANA SWE (SBN 173024)
*Sana.Swe@btlaw.com*
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:   (310) 284-3880
Facsimile:   (310) 284-3894

Attorneys for Defendant
TRAVELSKY TECHNOLOGY USA LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOWEN YANG, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TRAVELSKY TECHNOLOGY USA LTD.; TRAVELSKY TECHNOLOGY LIMITED, and DOES 1 through 25, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. TBD<br><br>**DEFENDANT TRAVELSKY TECHNOLOGY USA LTD.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. §§ 1132(a), 1144(a) and 1144(c)**<br><br>*[Filed concurrently with Declaration of Scott J. Witlin; Civil Cover Sheet; Certification and Notice of Interested Parties; and Notice of Related Cases]*<br><br>Complaint Filed:　April 1, 2021<br>Trial Date:　　　Not Set<br>District Judge:　TBD<br>Magistrate Judge: TBD<br><br>Removal Date:　　July 9, 2021 |

TRAVELSKY USA'S NOTICE OF REMOVAL OF CIVIL ACTION
Case 2:21-cv-05611 Document 1 Filed 07/09/21 Page 2 of 8 Page ID #:2

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Travelsky Technology USA Ltd. ("Travelsky USA") petitions the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, under the authority of 28 U.S.C. sections 1331, 1441, 1446, and 29 U.S.C. sections 1132(a), 1144(a) and 1144 (c).

## I. THE STATE COURT ACTION

1. On April 1, 2021, Plaintiff Xiaowen Yang filed a complaint in the Superior Court of California for the County of Los Angeles, designated as *Xiaowen Yang, an individual, Plaintiffs* [sic] *vs. Travelsky Technology USA, Ltd., Travelsky Technology Limited, and* Does *1 through 25, inclusive, Defendants*, Case number 21STCV12550 (the "Lawsuit").

2. Ms. Yang served a summons and complaint on Travelsky USA using the method prescribed in section 415.30 of the California Code of Civil Procedure ("Section 415.30"). Declaration of Scott J. Witlin ("Witlin Decl.") ¶ 2. Ms. Yang mailed a copy of the summons, complaint, and Notice and Acknowledgment of Receipt – Civil (the "N&A") to Travelsky counsel. Witlin Decl. ¶ 2. To Travelsky USA's knowledge, Ms. Yang has not served the other named defendant in the Lawsuit. *Id.*

3. Travelsky USA's counsel executed the N&A on June 11, 2021. Witlin Decl. ¶ 3.

4. True and correct copies of the Summons, Complaint, Notice of ADR Procedures, Notice of Case Assignment, Notice of Case Management Conference, First Amended General Order, the served N&A and the N&A executed on behalf of Travelsky USA are attached as Exhibits 1-8 to the Declaration of Scott J. Witlin. Witlin Decl. ¶ 4. These exhibits encompass all process, pleadings, and orders served on or by Travelsky USA in this Lawsuit. *Id.*

1
TRAVELSKY USA'S NOTICE OF REMOVAL OF CIVIL ACTION

## II. **TIMELINESS**

5. Under Section 415.30, a summons is deemed served when the acknowledgment of receipt of summons is executed. C.C.P. § 415.30. Travelsky USA executed the Acknowledgment on June 11, 2021. Witlin Decl. ¶ 3. According to Section 415.30, service of the summons and complaint was effective on June 11, 2021. *Id.*

6. A defendant in a civil action has 30 days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b).

7. Travelsky USA filed this removal on July 9, 2021, which is within 30 days of June 11, 2021.  Removal of the Lawsuit is therefore timely.

## III. **SUBJECT MATTER JURISDICTION**

8. Federal courts have exclusive jurisdiction over claims because some or all of the claims contained in the Complaint arise under the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 502 (a) and (e) (1).[1] ERISA lawsuits filed in state court generally are removable to federal court. 28 U.S.C. §1441.

9. ERISA preemption operates in two ways.  Preemption is complete when a plaintiff asserting a state-law claim seeks to enforce rights under an ERISA plan that she could enforce under Section 502(a) of ERISA. *See* 29 U.S.C § 1132(a). Preemption may also occur where the state-law conflicts with ERISA under Section 514.  29 U.S.C. § 1144(a) (ERISA shall "supersede any and all common laws insofar as they relate to an employee benefit plan.").

10.  Any state law claim that displaces, duplicates or supersedes ERISA's comprehensive civil enforcement scheme conflicts with Congress' intent to make ERISA's remedy exclusive and is preempted under Section 514. *See* 28 U.S.C. §1441 (ERISA's preemption provision makes clear that the statute generally will "supersede any and all State laws insofar as they may now or hereafter relate to any [qualifying]

---

[1] The sole exception is for certain claims for benefits not applicable here. *Id.*

1  employee benefit plan…."); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143-145, 111 S.Ct. 478 (1990).

11. "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Ingersoll-Rand*, 498 U.S. at 139 (citations omitted). Under this "broad commonsense meaning," a state law may relate to a benefit plan and ERISA will preempt it, whether the law was meant to affect employee benefit plans or affects them indirectly. *Id*.

12. The Ninth Circuit has held that a state law is preempted if it "encroaches on the relationships" that ERISA regulates. *Hashimoto v Bank of Hawaii*, 999 F.2d. 408, 444 (9th Cir 1993). Where, as here, a state-law whistleblower claim requires the plaintiff to have *reasonably* believed the employer violated the law, an interpretation of ERISA plan documents would likely be required. *Id*.

13. Unsolicited, informal complaints to management are Section 510 protected activity. *Hashimoto v. Bank of Hawaii,* 999 F.2d 408, 411 (9th Cir. 1993).

14. Retaliation and discrimination claims based on a plaintiff's report of "concerns about 'potential and/or actual violations … of ERISA'" are preempted. *See Hashimoto*, 99 F. 2d at 411 ("[W]e hold that the Hawaii Whistle Blower's Act, to the extent an ERISA violation is involved, [is] preempted by the specific provision of ERISA protecting whistle blowers such as [the plaintiff]"); *Huitt v. Optum Health Services*, 216 F. Supp. 3d 1179 (D. Or. 2016) (finding ERISA preemption where plaintiff alleged she was terminated because she reported ERISA violations to her employer and the Department of Labor and filed an appeal).

15. Removal in this case proper under either 28 U.S.C. section 1132(a) or 1441(a) and section because a United States District Court would have had exclusive jurisdiction of this Lawsuit under ERISA had the Complaint originally been filed in federal court.

16. Ms. Yang alleges that she was discharged in retaliation for complaints she made as to violations of ERISA involving, among other things, Travelsky USA's health

3
TRAVELSKY USA'S NOTICE OF REMOVAL OF CIVIL ACTION

insurance and 401(k) plans. To determine whether her complaints were a motivating factor in her discharge, the court must find the existence of an ERISA plan but also must interpret ERISA to determine whether a violation of law existed or potentially existed. Her state-law claims are preempted by ERISA because an adjudication of the claims necessarily requires an adjudication of ERISA-related issues.

17. Ms. Yang's Complaint alleges six state-law claims – the gravamen of which is her allegation that Travelsky USA and her manager, retaliated against her because she complained and or reported internally and externally that Travelsky USA was denying employees their right to participate in the company's health insurance and retirement plans. Complaint ¶¶ 11-13

18. Ms. Yang alleges claims that she "confronted her manager about the decision to deny [employees] the opportunity to participate in the health insurance plan and the decision to deny her and two other employees the opportunity to participate in the company's 401(k) plan." Complaint ¶ 16. She also alleges that she told her manager "that the 401(k) and health insurance plans should be offered to all eligible employees, and that it was illegal to deny eligible employees' enrollment." *Id.*

19. Ms. Yang then contends that she wrote to Travelsky USA's "headquarters" about the manager's alleged conduct, expressly reserving the right to report her conduct government agencies. Complaint ¶ 22.

20. Ms. Yang contends that on July 22, 2020 she lodged a formal complaint with the Department of Labor, "describing [the manager's] unlawful practices, including but not limited to [her] discriminatory denial of several eligible employees' enrollment in the company's 401(k) and group health plans." Complaint ¶ 25. One day later, Ms. Yang alleges that she formally complained to the Department of Fair Employment and Housing ("DFEH") about the manager's "unlawful practices and discriminatory denial of eligible employees' enrollment in the company's 401(k) and group health insurance plans." Complaint ¶ 26.

///

4
TRAVELSKY USA'S NOTICE OF REMOVAL OF CIVIL ACTION

21. Ms. Yang further alleges that she again complained to "Headquarters" in August 2020 about the manager's "unlawful discrimination with regard to employee enrollments in the company's 401(k) and group health insurance plans." Complaint ¶ 27. After "Headquarters" notified Ms. Yang it would investigate her complaints, she Ms. Yang claims that the manager asked her for "detailed information about [the] 401(k) plan." Complaint ¶ 28.

22. Travelsky USA terminated Ms. Yang's employment on August 28, 2020. Complaint ¶ 30.

23. Ms. Yang's alleges that Travelsky USA violated California Labor Code section 1102.5 ("Section 1102.5"), which prohibits an employer from, among other things, retaliating against an employee who has disclosed or who may disclose information to a government agency or internal authority if the employee has *reasonable cause to believe that the information discloses a violation of or noncompliance with a* state or *federal statute,* rule or regulation. C.C.P. § 1102.5 (a) – (c); Complaint ¶¶ 32-34. Ms. Yang claims that her termination violated Section 1102.5, in part because she raised concerns about Travelsky USA's "denial of employee benefits to eligible employees." Complaint ¶ 35.

24. Ms. Yang also alleges that her termination violated public policy, as embodied in Section 1102.5, because she reported Travelsky USA's refusal to offer certain employees the opportunity to participate in its health insurance and 401(k) benefit plans, and what she reasonably believed were violations of state or federal law. Complaint ¶ 74.

25. Ms. Yang's alleged injuries thus arise directly arise from her claim that Travelsky USA unlawfully withheld benefits under its health insurance and 401(k) benefit plans. Ms. Yang's Section 1102.5 and public policy "claim[s] would require the [C]ourt to evaluate the substance of the complaints." *Hashimoto*, 999 F.2d at 411. In particular, the Court would need to determine whether Ms. Yang had "reasonable cause to believe" she complained about or disclosed a violation of or noncompliance with

state or federal law, rules or regulations. *Id.*

26. Therefore Ms. Yang's arise under ERISA and Federal question jurisdiction therefore exists in this action based on the complete preemption of Ms. Yang's claims.

**IV. VENUE**

27. Venue is proper in this Court because the case was filed and was pending in Los Angeles Superior Court at the time of removal.

**V. REQUIREMENTS OF 28 U.S.C. SECTION 1446**

28. The requirements of 28 U.S.C. section 1446 have been satisfied.

29. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

30. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by the Declaration of Scott J. Witlin, Exhibits 1-8. These documents encompass all process, pleadings, and orders served on or by TravelSky USA. Witlin Decl. ¶ 4.

31. In accordance with 28 U.S.C. section 1446(b), TravelSky USA filed this Notice of Removal within 30 days after service on Travelsky USA was complete under California Code of Civil Procedure 415.30.

32. In accordance with 28 U.S.C. section 1446(d), Travelsky USA will give written notice of the original removal of this action to Ms. Yang via counsel and will file a copy of that Notice with the Los Angeles County Superior Court.

**VI. RESERVATION OF RIGHTS**

33. Travelsky USA reserves all rights, claims, and defenses (including all defenses under Rule 12(b) of the Federal Rules of Civil Procedure).

**VII. CONCLUSION**

34. Because jurisdiction is proper under 28 U.S.C. sections 1331, 1441, and 1446, and 29 U.S.C. §§ 1132(a), 1144(a) and 1144(c), Travelsky USA respectfully requests that the Court exercise its removal jurisdiction over this action.

///

35. If the Court has questions regarding the propriety of this Notice of Removal, Travelsky USA respectfully requests that the Court issue an Order to Show Cause so Travelsky USA has the opportunity to address such questions.

Dated: July 9, 2021                **BARNES & THORNBURG LLP**

By: /s/ Scott J. Witlin
Scott J. Witlin
Attorneys for Defendant
TRAVELSKY TECHNOLOGY USA LTD.